# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN A. ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:09CV648 CDP |
| | ) | |
| HARLEY G. LAPPIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of mandamus pursuant to 28 U.S.C. § 1361. Upon review of the petition, the Court finds that venue is not proper in this District. As a result, the Court will summarily dismiss the petition.

Petitioner is imprisoned at FCI-Terre Haute, in Terre Haute, Indiana. Named as respondents are Harley Lappin, Director of the Bureau of Prisons, and Helen Marberry, Warden of FCI-Terre Haute. Petitioner seeks an order directing respondents to place petitioner in a Community Confinement Center for the last six months of his prison sentence.

An action under 28 U.S.C. § 1361 may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to

the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); see Morris v. United States, 399 F. Supp. 720, 724 (D. Va. 1975). None of the requirements of § 1391(b) are present in this case. As a result, venue does not lie in this District.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss . . ." As a result, the Court will dismiss this action without prejudice.

Additionally, the Court believes that this action, by its nature, should have been brought under 28 U.S.C. § 2241. See Pinto v. Menifee, 2004 U.S. Dist. LEXIS 26071 (S.D.N.Y. 2004) (holding that identical action was properly brought under § 2241 and not § 1361). However, had petitioner brought this action under § 2241, the Court would have dismissed this action for lack of jurisdiction. 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (a district court's jurisdiction over writs filed pursuant to § 2241 is geographically limited to the judicial district in which petitioner's custodian is located.).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of mandamus pursuant to 28 U.S.C. § 1361 [#1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis [#2] is **GRANTED**.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 1st day of May, 2009.

                                                CATHERINE D. PERRY
                                                UNITED STATES DISTRICT JUDGE